IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIONHEART FUNDING, LLC;

    Plaintiff,

vs.

Case No.

JACK OF ALL TRADES, LLC;
MATTHEW JOSEPH BURTON;

    Defendants.

_____/

# COMPLAINT

Plaintiff sues the Defendants as follows:

1. Plaintiff's members are individuals, namely Thaddeus H. Voss, an individual domiciled in and a citizen of Florida under 28 U.S.C. § 1332.

2. Defendant Jack of all Trades [Business] is an LLC, whose member is Matthew Joseph Burton [Debtor] domiciled in and a citizen of Michigan 28 U.S.C. § 1332.

3. Per 28 U.S.C. § 1332, jurisdiction exists in this case based on diversity of citizenship between the parties. The sum in controversy exceeds $76,000.00, such as relief in law or equity. The case concerns debt, property and relief valued over $76,000.00, including damages and fees recoverable by contract/statute. Per § 1367, jurisdiction exists over all claims.

4. Defendants are related to each other and bound by the Loan, per their ratification of same, property secured by the debtor or misconduct in which they participated. It was foreseeable they are subject to the Loan and its debt issue.

1

## The Parties

5. This matter involves [Business], an collectibles company owned by Defendants.

6. Defendants conduct business as an enterprise, sharing a name, offices, staff, property, assets, ownership, management and finances. They have authority to act for each other on the matters, transactions, acts and omissions at issue.

7. Business applied for a commercial Loan [Loan] at Plaintiff's Florida office, whose agents included the individual Defendants, who, on information, represented in the application that they could bind Business, had the ability and intent to comply with the Loan, whose information was truthful, upon which Plaintiff materially relied in providing the Loan, which Defendants ratified.

8. The Loan was underwritten from Plaintiff's Florida office which communicated with the Defendants at their above locations as a part of this transaction.

7. Upon information, at this time, Business, Debtor and other Defendants entered into an agreement to obtain the Loan for them, which they adopted, benefited and ratified.

8. Defendants did not disclose their agreement to induce Plaintiff to enter into the Loan which Business and Debtor conducted as a straw-man loan for the other Defendants.

9. The above agreement between Defendants was never disclosed which they hid from Plaintiff, which would not have otherwise approved its Loan with Business/Debtor shown below, which Defendants adopted and ratified.

## The Commercial Loan

9. This matter involves a commercial loan dated 03/14/22 [Closing] at which time Plaintiff paid $60,000.00 to purchase receivables from Business valued at $89,940.00, collected by debiting certain receipts from Business's bank account until the full purchase price was received, as evidenced by the Standard Merchant Cash Advance Agreement [Loan Agreement ¶ 1].

10. Business consented to a commercial Note. The Debtors each consented to a Guaranty evidencing the Loan under the Standard Merchant Cash Advance Agreement, which continues in full force and effect by ACH payments on the debt until satisfied [Loan Agreement ¶ 6-7].

11. Defendants represented that they made the Loan in the ordinary course of their business whose financial information was fully accurate which induced Plaintiff to enter into the Loan [Loan Agreement ¶¶ 9, 11, 21].

12. The Loan is also secured interest in Business's receivables as evidenced by the Loan Security Agreement [Loan Agreement ¶ 33] which may be construed broadly under law and equity as encumbering the property and the assets of the Business and the Debtor [Loan Agreement ¶ 35].

13. The Loan has numerous protections against at least 19 conditions of default, including failure to make payments for which Plaintiff has a power of attorney [Loan Agreement ¶¶ 16, 17, 37].

14. The Loan is enforceable by legal and equitable remedies [Loan Agreement ¶35] and is governed by New York law [Agreement ¶ 39]

15. Any suit to enforce the Loan may be made by First Class or Priority Mail, mailed to the above contact address [Agreement ¶ 49].

16. The Guaranty provides for unconditional performance of the Loan, joint and several liability by all parties to the loans, equitable and legal remedies to enforce it, costs, legal fees, waiver of defenses and similar service of process [Guaranty ¶¶ 1-22]

17. Upon information, all Defendants benefited from the funds evidenced by the Loan to which they consented, benefited and ratified.

## Breach of the Commercial Loan

18. Defendants assumed, adopted and ratified the Loan by obtaining it and accepting and retaining its Funds. They paid themselves from the property and assets secured by the Loan, from which they benefited, but did not intend to satisfy. The Loan should be construed as encumbering their real and personal property such as that set forth in the Loan Documents: 1028 South Mission Street No. 1, Mount Pleasant MI 48858 and 1609 Unit B, Jacobs Trail, Mount Pleasant MI 48858.

19. Defendants breached and defaulted on the Loan and Instruments, just after the Closing, failing to disclose their debts or other issues and ceasing Loan payments. They dissipated, disposed of and benefited from property and assets secured by the Loan, paying themselves.

20. Defendants engaged in their misconduct to impair, hinder, delay and prevent enforcement of the Loan, after the Closing, which they did not cure after demand by Plaintiff. These matters require equitable relief as there is no adequate legal remedy.

21. Upon information, Defendants operate as an enterprise as detailed above. Or they are a partnership, who co-mingle, control and share their profits and losses and make contributions to their business. Or they conduct the Business as their alter-ego, whose corporate formalities are disregarded, is under-capitalized and cannot satisfy its obligations, requiring its corporate veils or other structure to be pierced to avert the misconduct to enforce Plaintiff's equity in its property and assets as shown here.

22. Plaintiff owns and holds the defaulted Loan and has standing to enforce the Loan before commencing suit, for its principal balance, attorney's fees, pre-judgment interest and other charges provided by law and its terms.

23. Plaintiff reasonably relied upon the representations of Defendants through them and the Business, which closed the Loan and paid them the Funds as a result.

24. Defendants accepted, benefited from and ratified the Loan but unjustly retain the Funds at Plaintiff's expense with their property and assets.

25. Defendants are indebted to Plaintiff for the Funds for which their property and assets are or should be secured by the Instruments, as they knew, who are not prejudiced or subjected to injustice by enforcing the Loan as to them.

26. All conditions precedent to suit to occurred, were fulfilled, or waived, or their occurrence or fulfillment were unnecessary or futile.

### COUNT I:  ENFORCEMENT OF SECURED INSTRUMENTS AS TO ALL DEFENDANTS

27. ¶¶ 1-26 are incorporated.

28. The Loan Agreement, the Note and Guarantees, namely the Instruments are intended to bind all recipients and beneficiaries of the Loan Funds, to secure their property and assets as collateral.

29. Defendants assumed, adopted, ratified and benefited from the Loan by accepting and retaining their Funds and its collateral, subject to the terms of the Instruments.

30. The Instruments are secured by all property and assets of Defendants, which they assumed, adopted and ratified and for which they are jointly obligated.

31. Plaintiff requires enforcement of the Instruments as to Defendants, their property and assets due to their conduct, including their default upon and breach of the Loans, per the intent of the secured Loan Instruments and equitable principles.

32. Plaintiff requires this equitable relief which will not prejudice the Defendants for which there is no adequate legal remedy given these matters.

33. Per 28 U.S.C. § 2201 *et seq* and applicable law, Plaintiff requests the Court declare and establish all Defendants are jointly liable for the Instruments for which their property and assets are secured as collateral, enforceable as a secured lien, equitable lien, constructive trust or like relief, relating back to the Closing, granting all just relief, such as its other relief.

## COUNT II:  BREACH OF INSTRUMENTS
## AS TO ALL DEFENDANTS

34. ¶¶ 1-26 are incorporated.

35. Defendants consented to and ratified the Instruments by accepting the Funds for which they are liable as co-guarantors and obligors under the Loan.

36. Defendants breached the Instruments, failed to make payments, who did not otherwise comply with their terms, which are now in default and due.

37. Plaintiff accelerated the principal balance of its defaulted Instruments of which Defendants were given notice or notice was not required or is futile and the Instruments provide for payment of Plaintiff's attorney's fees and costs.

38. Plaintiff demands judgment for its damages on the Instruments as to Defendants in a principal sum exceeding $76,000.00, fees, interest, costs, charges, just relief such as its other remedies.

## COUNT III: UNJUST ENRICHMENT
## AS TO ALL DEFENDANTS

39. ¶¶ 1-26 are incorporated.

40. Defendants induced and encouraged Plaintiff to confer the Funds upon them through them and the Business of which they assumed, adopted and ratified.

41. Plaintiff provided the Funds to Defendants, expecting their repayment, of which they appreciated, consented, benefited and ratified.

42. Defendants retained the Funds which should be repaid, who are otherwise unjustly enriched by them at Plaintiff's expense.

43. Plaintiff is entitled to prejudgment interest and other costs and charges provided by law.

44. Plaintiff demands judgment as to Defendants for the Funds, in a principal sum in excess of $76,000.00, costs and all just relief, such as its other remedies.

## COUNT IV:  MONEY HAD AND RECEIVED
## AS TO ALL DEFENDANTS

60. ¶¶ 1-26 are incorporated.

61. Defendants wrongfully induced payment of the Funds which they received, hold and which rightfully belong to Plaintiff.

62. Defendants should not retain and unjustly enrich themselves with the Funds Plaintiff's expense to which it is entitled in good conscience and equity.

63. Plaintiff made demand for repayment of the Funds upon Defendants by and/or through Debtor which was refused and/or unnecessary and/or futile.

64. Plaintiff demands judgment as to Defendants for the balance of the Funds, in a principal sum in excess of $76,000.00, costs and just relief, including its other remedies.

65. Defendants are not minor(s) or adjudged incompetent; were not in the military for the last 30 days and are not subject to protection per 50 U.S.C. § 3901.

Respectfully submitted this 16th day of February 2023.

By: /s/Paul G. Wersant
Paul G. Wersant
W.D. MI  Bar No. 748341
3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024
Telephone: (678) 894-5876
Email: pwersant@gmail.com
Attorney for Plaintiff